UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: <br><br> HILAL K. HOMAIDAN fka Helal K. Homaidan <br><br> Debtor, | Chapter 7 <br><br> Case No. 08-48275 (ESS) |
| In re: <br><br> REEHAM YOUSSEF aka Reeham Navarro Youssef aka Reeham N. Youssef <br><br> Debtor, | Chapter 7 <br><br> Case No. 13-46495 (ESS) |
| HILAL K. HOMAIDAN and REEHAM YOUSSEF on behalf of themselves and all others similarly situated <br><br> Plaintiffs, <br><br> v. <br><br> SALLIE MAE, INC, NAVIENT SOLUTIONS, LLC, NAVIENT CREDIT FINANCE CORPORATION <br><br> Defendants. | Adv. Pro. No. 17-1085 (ESS) |

## **FINAL JUDGMENT AND ORDER OF DISMISSAL WITH PREJUDICE**

This matter came before the Court through a joint motion by Debtor and Plaintiff Reeham Youssef and Respondents Sallie Mae, Inc., Navient Solutions, LLC, and Navient Credit Finance Corporation (collectively, the "Parties") to withdraw the reference of an adversary proceeding, *Homaidan, et al. v. Navient Solutions, LLC*, No. 1-17-01085 (ESS) (E.D.N.Y. Bankr.) dated August 4, 2023, on the application of the Parties for approval of the Settlement set forth in the Stipulation of Settlement dated July 21, 2023 (the "Stipulation" or "Settlement"). On August 2, 2023, the Bankruptcy Court for the Eastern District of New York (the "Bankruptcy Court") granted preliminary approval to the proposed Settlement set forth in the Stipulation between Plaintiff Reeham Youssef ("Class Representative"), on behalf of herself and the Class, and Navient

1

Solutions, LLC and Navient Credit Finance Corporation ("Defendants"). The Bankruptcy Court also provisionally certified the Class for settlement purposes and approved the procedure for disseminating the Class Notice to the members of the Settlement Class. On August 10, 2023, this Court granted the motion to withdraw the reference, and set a Final Approval Hearing to take place on December 13, 2023.

On December 13, 2023, this Court held a duly noticed Final Approval Hearing to consider: (1) whether the terms and conditions of the Stipulation are fair, reasonable, and adequate; (2) whether a judgment should be entered dismissing the Class's Released Claims on the merits and with prejudice; (3) whether and in what amount to award attorneys' fees and expenses to Class Counsel; and (4) whether and in what amount to provide an award to Class Representative and former named plaintiff Hilal Homaidan ("Homaidan") for their representation of the Class.

IT IS HEREBY ORDERED, ADJUDGED AND DECREED that:

1.  **Definitions**. This Judgment and Order incorporates by reference the definitions in the Stipulation, and all capitalized terms used, but not defined herein, shall have the same meanings as in the Stipulation.

2.  **Jurisdiction**. This Court has jurisdiction over the subject matter of the Litigation and over all parties to the Litigation, including all Class Members. Venue in this Court is proper.

3.  **No Merits Determination**. By entering this Order, the Court does not make any determination as to the merits of this case.

4.  **Settlement Class**. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, this Court hereby finally certifies this Litigation as a class action, with the Class defined as all Discharged Title IV Borrowers on all Title IV Covered Loans. The Court finds, for settlement purposes only, that class certification under Fed. R. Civ. P. 23(b)(3) is appropriate: (a) the Class

Members are so numerous that joinder of all Class Members in the class action is impracticable; (b) there are questions of law and fact common to the Class which predominate over any individual question; (c) the claims of the Class Representative are typical of the claims of the Class; (d) the Class Representative and his counsel have and will fairly and adequately represent and protect the interests of the Class Members; (e) the class is ascertainable; and (f) a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

5. **Designation of Class Representatives and Class Counsel**.  The Court confirms the prior appointments of the Plaintiff Reeham Youssef as Class Representative, and the law firms of Boies Schiller Flexner LLP; Fishman Haygood LLP; Jones Swanson Huddell LLC; and the Law Offices of Joshua Kons, LLC, as Class Counsel.

6. **Settlement Approval**.  Pursuant to Federal Rule of Civil Procedure 23, this Court hereby approves the Settlement set forth in the Stipulation and finds that the Settlement is, in all respects, fair, reasonable, and adequate.  The Court further finds that the Settlement set forth in the Stipulation is the result of good faith, arm's-length negotiations between experienced counsel representing the interests of the Parties.  Accordingly, the Settlement embodied in the Stipulation is hereby finally approved in all respects.  There is no just reason for delay, and the Parties are hereby directed to perform and effectuate the terms of the Stipulation.

7. **Dismissal with Prejudice**.  Final Judgment is hereby entered with respect to the Released Claims of all Settlement Class Members, and the Released Claims in the Litigation are hereby dismissed in their entirety with prejudice and without costs.  All claims in the Litigation are dismissed, and the case shall be closed pursuant to ¶ 21 of this Order.  Nothing herein is intended to waive or prejudice the rights of Class Members who have timely excluded themselves from the Settlement Class.

8. **Releases**.  The releases as set forth in Section VI of the Stipulation together with the definitions in Section IV relating thereto are expressly incorporated herein in all respects and made effective by operation of this Judgment and Order.  The Court hereby approves the provisions as contained and incorporated in Sections IV and VI of the Stipulation, including but not limited to the definitions of Released Claims, Releasors, Releasees, and Unknown Claims.  The Releasors shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished, and discharged all Released Claims (including Unknown Claims) against the Releasees.

9. **Permanent Injunction**.  The Releasors, including the Class Representative and all Settlement Class Members, and anyone claiming through or on behalf of any of them, are forever barred and enjoined from filing, commencing, prosecuting, intervening in, or participating in (as class members or otherwise) any action or any proceeding in any court of law or equity, arbitration tribunal, administrative forum, or other forum of any kind (whether within the United States or not), either directly, representatively or in any other capacity, asserting any of the Released Claims (including Unknown Claims) against any of the Releasees.  The Releasors further are forever barred and enjoined from organizing Settlement Class Members, or soliciting the participation of Settlement Class Members, or persons who would otherwise fall within the definition of Settlement Class Members but who have requested to be excluded from the Settlement Class, in a separate class for purposes of pursuing any action (including by seeking to amend a pending complaint or counterclaim to include class allegations, or seeking class certification in a pending action in any jurisdiction based on or relating to any of the Released Claims).

10. **Approval of Class Notice**.  The form and means of disseminating the Class Notice as provided for in the Preliminary Approval Order constituted the best notice of the proposed

Settlement set forth in the Stipulation practicable under the circumstances, including individual notice to all Class Members who could be identified through reasonable effort. The Notice fully satisfied the requirements of Federal Rule of Civil Procedure 23 and complied with all laws, including, but not limited to, the Due Process of Law Clause of the United States Constitution.

11. **Attorneys' Fees and Expenses**. Any order entered by the Court regarding applications for Attorneys' Fees and Expenses and service awards to Class Representative and Homaidan shall in no way disturb or affect this Judgment and shall be considered separate from this Judgment.

12. **Use of Order**. Neither this Judgment and Order, the fact that a settlement was reached and filed, the Stipulation, nor any related negotiations, statements or proceedings shall be construed as, offered as, admitted as, received as, used as, or deemed to be (a) an admission or concession of liability or wrongdoing whatsoever or breach of any duty on the part of Defendants or (b) a concession that that claims of the nature asserted in this case are amenable to class certification or could be resolved outside of the settlement context on a class basis. This Judgment is not a finding of the validity or invalidity of any of the claims asserted or defenses raised in the Litigation. In no event shall this Judgment and Order, the Stipulation, or any of its provisions or any negotiations, statements, or proceedings relating to it in any way be used, offered, admitted, or referred to in the Litigation, in any other action, or in any judicial, administrative, regulatory, arbitration, or other proceeding, by any person or entity, except by the Parties and only the Parties in a proceeding to enforce the Stipulation.

13. **Continuing Jurisdiction**. Without affecting the finality of this Judgment and Order in any way, this Court hereby retains continuing jurisdiction over the administration,

consummation, enforcement, and interpretation of the Stipulation, the Final Judgment, and for any other necessary purpose.

14.     **Termination of Settlement**.  In the event that the Settlement does not become effective in accordance with the terms of the Stipulation, or the Stipulation is terminated pursuant to ¶ 10.3 of the Stipulation, the Parties shall be restored to their respective positions in the Litigation prior to the execution of the Stipulation, the certification of the Settlement Class shall be automatically vacated, and this Judgment and Order shall be rendered null and void (except ¶ 12 of this Order shall remain in effect) to the extent provided by and in accordance with the Stipulation and shall be vacated and, in such event, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Stipulation.

15.     **Implementation of the Stipulation**.  The Parties are hereby authorized and directed to implement the terms of the Stipulation.

16.     **Reasonable Extensions**.  Without further order of this Court, the Parties may agree to reasonable extensions of time to carry out any of the provisions of the Stipulation.

17.     **CAFA Notice**.  Defendants have provided notification to all appropriate federal and state officials regarding the Settlement as required by 28 U.S.C. § 1715.

18.     **Class Notice List**.  No later than thirty (30) days after the Effective Date (as defined in the Stipulation), the Settlement Administrator shall file with this Court, under seal pursuant to the Protective Order entered in this litigation (in order to protect the names and addresses of Class Members), a list of the names and addresses of all Class Members to whom the Class Notice was sent.

19.     **Preservation**.  Upon the Effective Date, the Defendants shall have no obligation to preserve documents and evidence with respect to Released Claims, and the Class Representative

and Class Counsel may not pursue any spoliation claims or other actions or sanctions against Defendants with respect to documents or evidence related to the Released Claims.

20. **Entry of Final Judgment**. There is no just reason for delay in the entry of this Final Judgment and Order and immediate entry by the Clerk of the Court is hereby directed.

21. **Litigation Closed**. The Clerk of the Court is hereby directed to close the Litigation.

IT IS SO ORDERED.

DATED: December 14, 2023

*/s/ Hector Gonzalez*
UNITED STATES DISTRICT JUDGE